**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

STEVEN WAYNE GOODMAN,
              *Plaintiff-Appellant,*

v.

VERNON SMITH, Doctor; LONNIE
SAUNDERS; ROB BYRD; DEBBIE
SWISHER; ROB MARSH, Doctor;
GREGORY SAATHOFF, Doctor; JOHN
DOE, I; JOHN DOE, II; JANE DOE;
UNIVERSITY OF VIRGINIA MEDICAL
CENTER; STEVE HOLLAR, Assistant          No. 02-6313
Warden of Programs at ACC;
PAMELA SARGENT, Assistant Attorney
General for the Commonwealth;
CAPTAIN MASSEY, ACC; LIEUTENANT
DAWSON, ACC; LIEUTENANT BOYER,
ACC; MR. DAVENPORT, Counselor at
ACC; MR. PETERS, Inmate hearing
officer of ACC; PHYLLIS BIRD,
Director of the ACC Law Library,
              *Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CA-00-986-7)

Submitted: January 30, 2003

Decided: February 14, 2003

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Steven Wayne Goodman, Appellant Pro Se. Mark Ralph Davis, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In this 42 U.S.C. § 1983 (2000) action alleging deliberate indifference to serious medical needs and retaliation, Steven Wayne Goodman appeals from the district court's orders granting summary judgment on certain claims, dismissing the remaining claims under 28 U.S.C. § 1915A (2000),[1] and denying various interlocutory orders. We find that the district court erred in dismissing Goodman's amended claims of retaliation and conspiracy for failure to state a claim. Thus, while we affirm the remainder of the district court's orders, we remand these claims for further consideration consistent with this opinion.

### I.

When the court granted summary judgment on Goodman's remaining claims and entered a final order, two defendants had not yet been

---

[1]The district court may dismiss a complaint upon a finding that it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A.

served: Gregory Saathoff, Chief Psychiatrist and Director of the Augusta Correctional Center ("ACC"), and Mr. Davenport, counselor at ACC. The district court had previously ordered the other Defendants to provide the last known addresses for Saathoff and Davenport, but Defendants never responded. The district court found that, since the claims were properly dismissed, there was no need to pursue service of these Defendants.

Goodman contends that the district court erred in dismissing his suit without compelling Defendants to comply with the court's order requiring disclosure of Davenport and Saathoff's last known addresses and waiting until their answers were filed. According to Goodman, had those Defendants filed answers, Goodman could have used their statements to strengthen his case. Also, in this appellate issue, Goodman challenges the dismissal of the charges involving these Defendants on the merits.

Saathoff was a named defendant in Goodman's original complaint for charges of retaliation, which alleged that prison officials interfered with his efforts to pursue a state malpractice action. According to Goodman, grievance responses and his psychiatric file were altered and he was subject to false institutional charges. The district court granted summary judgment to Defendants on this claim.

Retaliation against an inmate for the exercise of his right to access the courts states a claim. *Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978). Retaliation by an official is actionable even if the act would have been proper if taken for different reasons. *American Civ. Liberties Union v. Wicomico County*, 999 F.2d 780, 785 (4th Cir. 1993). In order to state a retaliation claim, the "plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). The plaintiff must allege sufficient facts to warrant concern that the alleged retaliation might have a chilling effect on the exercise of the right to access the courts and show that he suffered more than de minimis inconvenience. *Wicomico*, 999 F.2d at 785-86 & n.6. The prisoner need not succumb entirely or even partially to the threat; it is sufficient that the retaliation was intended to limit the prisoner's right of access to the court and was reasonably calculated to have that effect. *Hudspeth*,

584 F.2d at 1348. However, the plaintiff must allege specific facts supporting his claim of retaliation; bare assertions of retaliation do not establish a claim of constitutional dimension. *Adams*, 40 F.3d at 75.

Here, it is undisputed that Goodman was able to file his state action and, at least at the time of the district court's order, was actively pursuing it. Even assuming the Defendants falsified an institutional charge against him, he failed to show how the Defendants' actions impacted his litigation of the suit, and he offered no specifics as to the progression of his state suit. In addition, as the district court noted, Goodman's specific claims that Defendants falsified evidence are better dealt with in the state suit where the evidence is at issue. Further, Saathoff would not have had any insight into the impact of Defendants' actions on Goodman's state suit, and thus, service on Saathoff would not have altered the district court's conclusions.

Goodman also argues that there are material issues of fact with regard to the disciplinary charge against him. Specifically, he challenges the Defendants' interpretation of the various institutional policies regarding the handling of legal mail.[2] However, even looking at the policies and facts in the light most favorable to Goodman, he fails to show any impact on his state litigation. Accordingly, we find that the district court properly granted summary judgment on Goodman's original claims of retaliation.

Davenport was a defendant in Goodman's retaliation claims in his amended complaint, which alleged that prison officials unreasonably limited his access to the law library, filed a false disciplinary charge, overrode his security level, and transferred him. Specifically, Goodman claimed that his "all-day" library pass was revoked the same day this action was filed on prison officials. Shortly thereafter, he was falsely charged with assault. Then, even though Goodman did not have sufficient points to raise his custody level, the administration overrode his classification, ensuring that he had the necessary points to effectuate a transfer. While awaiting transfer, Goodman was denied requested materials from the law library. The district court dismissed this claim under § 1915A.

---

[2]Goodman was charged with misuse of legal mail for unrelated legal mail forwarded by his mother.

Goodman asserted on numerous occasions in the district court that he was unable to file necessary responses and motions because he was denied access to the law library and legal research. Further, on appeal, Goodman claims that he was unable to properly present his case due to Defendants' actions. The Defendants never filed a motion for summary judgment on these claims. The district court dismissed the claims for failure to state a claim, finding that Goodman had not demonstrated an adverse impact on the exercise of his right to access the courts.

We disagree. Goodman specifically alleged that he had insufficient resources to prepare his filings and meet filing deadlines. In addition, the district court granted summary judgment on his original claims, in part, because Goodman had not submitted any affidavits or witness statements. However, Goodman averred that he could not research the discovery rules and that he did not even have access to the federal rules regarding summary judgment due to Defendants' retaliatory conduct. Moreover, the Defendants did not respond to these claims, and the district court had earlier found that Goodman's allegations sufficiently stated a claim. The district court provided no reason for reversing its own decision. We find that Goodman's undisputed allegations, if believed, show that the Defendants' actions were based on a retaliatory motive and had a chilling effect on the litigation of his original claims. Further, the actions of Defendants—filing false charges, transferring Goodman, and limiting his access to the library during a period when he had court deadlines—amounted to more than de minimis inconvenience. In addition, if, as Goodman alleges, Davenport's statements could aid his case, the district court erred in failing to enforce its order requiring disclosure of Davenport's last known address. Thus, we vacate the district court's order dismissing Goodman's amended claims of retaliation and remand for further proceedings and additional efforts to effectuate service on Davenport.

## II.

Goodman next challenges the rules preventing pro se litigants from participating in the discovery process. As no such rules exist and there is no evidence in the record that Goodman's attempts to conduct discovery were stymied, Goodman has no claim of error.

### III.

Goodman argues that the district court erred in denying his motions for appointment of counsel. The district court's power to appoint counsel in § 1983 actions is discretionary, and the district court abuses its discretion only when the "indigent plaintiff presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). The record reflects that Goodman had the capacity to adequately present his claims pro se. His pleadings, while unnecessarily lengthy, clearly presented the factual and legal background of his suit. In addition, his claims of deliberate indifference and retaliation are neither extraordinary nor legally complicated. Thus, the district court did not abuse its discretion.[3]

### IV.

Regarding Goodman's remaining claims, we have examined his arguments, the record on appeal, and the district court's opinions, and we find no reversible error. Thus, we affirm the remainder of the district court's orders on the reasoning of the district court. *Goodman v. Smith*, No. CA-00-986-7 (W.D. Va. Dec. 27, 2000; Feb. 8 & May 15, 2001; and filed Jan. 10, 2002; entered Jan. 11, 2002). We vacate the portion of the district court's January 11, 2002 order dismissing Goodman's amended retaliation and conspiracy claims and remand for further proceedings.

We deny Goodman's motions for appointment of counsel, to stay his case, and to consolidate the case with another pending appeal. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED*
*IN PART, AND REMANDED*

---

[3]Moreover, although not addressed by the district court, Goodman paid the filing fees for his suit and his appeal. Thus, there has not been a finding that Goodman is indigent, a requirement for appointment of counsel. *Whisenant*, 739 F.2d at 163 n.3.